[Civ. No. 1541.   Second Appellate District.—April 19, 1915.]

## DAVID BAILLARGEON, Appellant, v. J. H. W. MYERS, Respondent.

ACTION FOR DAMAGES—NEGLIGENCE—PERSONAL INJURIES—VIOLATION OF MUNICIPAL ORDINANCE—NONSUIT.—The operation of an automobile on the wrong side of the street in violation of a municipal ordinance, is negligence *per se*, but it must be shown that such negligence was the proximate cause of injuries resulting to another in colliding with the bicycle upon which he was riding in order to hold the former liable; in other words, there must be a causal connection between the unlawful act and the injury; but in such a case where it appeared that the negligent act of the defendant continued to the very moment of the collision, a nonsuit could not properly be granted upon the ground that there was no testimony indicating that defendant's negligence caused the injury to plaintiff.

ID.—CONTRIBUTORY NEGLIGENCE—QUESTION FOR JURY.—In such a case it was error to grant a nonsuit upon the ground of plaintiff's contributory negligence based upon the facts that plaintiff, who was a boy of the age of about twelve years, rode his bicycle down the street without a brake or any means upon his wheel to stop or adjust the speed of his bicycle; that he did not try to stop the speed of the bicycle; that some one called him as he approached the street on which defendant was driving and that he was then going so fast that he could not stop the bicycle and discovered then for the first time that his brake would not work, and that if he had used ordinary means to prevent the accident, it would not have happened, as, at most, this was but sufficient to present a question for the jury to determine.

APPEAL from a judgment of the Superior Court of Los Angeles County.   Gavin W. Craig, Judge.

The facts are stated in the opinion of the court.

Isidor B. Dockweiler, H. Graham Bockius, and Robert B. Murphey, for Appellant.

Morton, Hollzer, & Morton, and W. W. Butler, for Respondent.

CONREY, P .J.—The plaintiff appeals from a judgment rendered pursuant to an order granting defendant's motion for a nonsuit.

The plaintiff, a boy twelve years old, brought this action to recover damages for personal injuries received in a collision which occurred between an automobile of the defendant and a bicycle on which the plaintiff was riding. At the conclusion of the evidence received on behalf of the plaintiff, the defendant moved for a nonsuit on the following grounds:

1. That the plaintiff was guilty of contributory negligence in coming down Clay Street in the city of Los Angeles from the crest of Clay Street to its intersection with Fourth Street, a distance of approximately one hundred and fifty yards, in the manner and under the circumstances shown by the evidence;

2. That there is no testimony indicating that the defendant was guilty of any negligence;

3. That if the plaintiff was not guilty of contributory negligence, then the same evidence necessarily shows that the accident was unavoidable and without fault of either party.

On June 26, 1911, when this accident occurred, there was in force an ordinance of the city of Los Angeles requiring that "every person riding, driving, propelling, or in charge of any vehicle, . . . upon any street within the city of Los Angeles, . . . shall travel on the right-hand side of such street and as near the right-hand curb thereof as possible." Violation of any of the provisions of this ordinance was declared to be a misdemeanor. At the time of the accident in question the defendant's automobile was traveling westerly on Fourth Street and was entirely on the south side of the street, which was the left-hand side as the automobile was moving. The plaintiff was riding a bicycle which was equipped with a coaster-brake and was traveling southerly on Clay Street toward the intersection of Fourth. During the last one hun-

dred and fifty yards of his passage over Clay Street he was going down hill on a grade of approximately fourteen per cent. From curb to curb the width of Fourth Street in that block is forty feet and the width of Clay Street is twenty feet.

When the plaintiff got to Fourth Street he tried to stop his bicycle and discovered that his coaster-brake would not work. He proceeded straight across Fourth Street to the south side thereof to make the turn easterly. As he was completing this turn on West Fourth Street he collided with the defendant's automobile, which was moving as before stated, and was thereby thrown from the bicycle and received the injuries of which he complains. The plaintiff had tried his brakes before the accident on that same day and they worked all right; until the moment of his entering Fourth Street, as above stated, he did not discover that the brakes would not work. It is not claimed that the defendant's automobile was moving at an excessive rate of speed. The plaintiff's bicycle, just prior to the collision, was going at about eight miles per hour.

The plaintiff did all that he could to stop his bicycle before reaching Fourth Street. At the time of the collision he was on the south side of Fourth Street, which for him was the right side of the street and where he was entitled to be. If the defendant's automobile at that time had not been on that side of the street, which for it was the wrong side, this accident could not have occurred.

Respondent's counsel, while conceding that respondent was guilty of negligence *per se* in operating his automobile on the wrong side of the street in violation of a municipal ordinance, insist that this is not sufficient to make out a case of liability against respondent. They say, and in this we agree, that the law requires it to be shown that the particular negligence in question was the proximate cause of the plaintiff's injury. There must be a causal connection between the unlawful act and the injury. This rule is stated in *Cary* v. *Los Angeles Ry. Co.*, 157 Cal. 599, 604, [21 Ann. Cas. 1329, 27 L. R. A. (N. S.) 764, 108 Pac. 682], where the court further says: "For example, it is negligence if the whistle of a locomotive engine is not sounded and its bell rung at crossings, but if the train were derailed by a misplaced switch, an injured passenger could not base his recovery upon the showing that somewhere along the journey the whistle had not been blown

or the bell sounded when these things should have been done."
In the case at bar the negligent act of the defendant was
not one which preceded and was completed prior to the time of
the accident, but was continuing at the very moment of the
collision. No intervening cause existed from which it could
be inferred that defendant's negligence was not the proximate
cause of the injury. It follows that a nonsuit could not prop-
erly have been granted upon the ground that there is no testi-
mony indicating that the defendant's negligence caused the
injury to the plaintiff. The claim that the accident and in-
jury were not caused proximately by defendant's negligence
should not be confused with the defense of contributory neg-
ligence. That is another subject which we will now consider.

Respondent's contention that the plaintiff was guilty of
contributory negligence is based upon facts shown with re-
gard to the manner in which plaintiff rode his bicycle down
Clay Street to the intersection of Fourth Street. The facts
specially relied upon, as stated in the motion when made in
the superior court, were that the plaintiff rode down Clay
Street without a brake or any means upon his wheel to stop
or slow the speed of the bicycle; that he did not try to stop
the speed of the bicycle at all; that some one called to him
as he approached Fourth Street and he was then going so
fast that he could not stop the bicycle and then discovered
for the first time that the coaster-brake would not work; and
that if the plaintiff had used ordinary means to prevent the
accident the accident would have been prevented. Conceding
that the facts in evidence had some tendency to show negligence
on the part of the plaintiff, we cannot say that as a matter of
law such negligence was conclusively proved. At most, it
was sufficient to present a question for the jury to determine.
The age and experience of this boy, the kind of care used
by him in controlling his bicycle, and the attached coaster-
brake and in keeping the same in safe condition; the fact
that he had tested the brake earlier in the day and found it
in good condition; and the fact that after discovering the use-
lessness of the brake he kept the bicycle on his own side of
the road and was using all means in his power to get out of
the difficulty without infringing upon the right of way of
the defendant; these and all other details of fact connected
with the conduct of the plaintiff at and immediately preceding
the accident were circumstances from which the jury might

or might not conclude that the plaintiff was guilty of negligence and might or might not conclude that such negligence contributed proximately to the collision and injury which occurred.    We are further satisfied that it cannot be said as a matter of law that the plaintiff's injuries were caused by unavoidable accident.

The judgment is reversed.

James, J., and Shaw, J., concurred.