## STANDARD OIL CO. v. ALLEN.

(Court of Appeals of District of Columbia. Submitted May 5, 1920. Decided June 2, 1920.)

No. 3339.

1. **Municipal corporations ☞706(5)—Finding of violation of law of road, which was proximate cause of injury, justified by evidence.**

   In an action for personal injuries received in a collision at street intersections, evidence *held* sufficient to justify the jury in finding that a police regulation that vehicles should keep to the right-hand curb was violated, and that its violation was the proximate cause of the injury.

2. **Negligence ☞136(25)—Proximate cause question of fact.**

   What is the proximate cause of an injury is a question of fact, in view of the attending circumstances.

3. **Appeal and error ☞232(3)—Objection to instruction held not to raise question of application of police regulation.**

   In an action for injuries by one injured at a street intersection in a collision between an automobile and defendant's truck, an objection to an instruction, that there was no evidence that the violation of said regulation was the proximate cause of the accident, or had any relation whatever to the accident, did not raise the question of the applicability of the regulation, which required vehicles to keep to the right-hand curb, to the plaintiff.

4. **Appeal and error ☞232(1)—Statute as to technical errors does not entitle party to urge different objection than that made below.**

   Judicial Code, § 269, as amended by Act Feb. 26, 1919 (Comp. St. Ann. Supp. 1919, § 1246), providing that on hearing of an appeal the court may order judgment after an examination of the record, without regard to technical errors, does not afford ground for holding that a party who assigns one reason in the court below for his objection to an instruction may urge an entirely different one on appeal and have it considered.

Appeal from the Supreme Court of the District of Columbia.

Action by Mary E. Allen against the Standard Oil Company. Judgment for plaintiff, and defendant appeals. Affirmed.

W. M. Lewin and A. L. Sinclair, both of Washington, D. C., for appellant.

W. J. Lambert, of Washington, D. C. (R. H. Yeatman, of Washington, D. C., on the brief), for appellee.

SMYTH, Chief Justice. Mary E. Allen, alleging that she sustained personal injuries through the negligence of one of the drivers of the Standard Oil Company, instituted an action against that company in the Supreme Court of the District. From a judgment in her favor, the company brings the case here for review.

There was testimony tending to show that in June, 1915, the plaintiff, with others, was riding in an automobile going in a northeasterly direction along New York avenue, Washington. As the automobile approached Sixth street, where it intersects the avenue, a heavy steel wagon with a capacity of 800 gallons, drawn by three large horses, belonging to the defendant company, was rapidly advancing from the north on the east or left-hand side of Sixth street toward the avenue.

When the automobile was about to enter Sixth street, the driver of the wagon reduced the speed of the horses and signaled to the driver of the automobile to proceed. He did so, increasing the speed of the automobile somewhat as he advanced. Just as he got in front of the horses, they suddenly rushed forward, and the tongue of the wagon struck the automobile, inflicting upon plaintiff the injuries for which she sued.

Without objection plaintiff introduced in evidence a police regulation, which reads:

"A vehicle shall keep over, as near as practicable, to the right-hand curb, so as to leave the center of the street free and open for overtaking traffic—the slower the speed the nearer the curb."

With respect to this regulation the court, at the request of the plaintiff, charged the jury as follows:

"The jury are instructed as a matter of law that if they find from a preponderance of the evidence that the driver of the defendant company violated the municipal regulation offered in evidence requiring vehicles to keep to the right of the street, and that such violation of the regulation was the proximate cause of the collision resulting in the injuries complained of by the plaintiff, then the defendant was guilty of negligence."

To the giving of this instruction the defendant company objected, "because," it said:

"There is no evidence in the case tending to show that violation of said regulation, if the regulation was in fact violated by the defendant, was the proximate cause of the accident, or had any relation whatever to the accident."

The objection was overruled, and this action of the court constitutes the sole assignment of error in the case.

[1, 2] Witnesses testified that the wagon was on the east side of Sixth street. If it had been on the west side, where the regulation required it to be, the accident would not have taken place. There was therefore sufficient evidence to justify the jury in finding that the regulation was violated, and that its violation was the proximate cause of the injury. What is the proximate cause of an injury—

"is not a question of science or of legal knowledge. It is to be determined as a fact, in view of the circumstances of fact attending it." Milwaukee & St. P. Ry. Co. v. Kellogg, 94 U. S. 469, 474 (24 L. Ed. 256).

[3, 4] It was urged in argument that the regulation was not intended for the protection of persons traveling across the street, as the plaintiff was doing when the collision took place, but for the benefit of vehicles approaching other vehicles from the rear—"for overtaking traffic"; in other words, that the plaintiff was not within the class of persons for whose benefit the regulation was enacted. St. Louis & S. F. R. Co. v. Conarty, 238 U. S. 243, 249, 35 Sup. Ct. 785, 59 L. Ed. 1290; District of Columbia v. White, 48 App. D. C. 44, 48; Railroad Co. v. Feathers, 78 Tenn. (10 Lea) 103. Even if this were true, it would be immaterial, because the trial court was not asked to reject the instruction on that ground. McMahon v. Matthews, 47 Wash. Law Rep. 37; Lilly v. Hamilton Bank, 178 Fed. 53, 59, 102 C. C. A. 1, 29

L. R. A. (N. S.) 558. The basis of the company's objection was, as appears above, that there was—

"no evidence * * * that the violation of said regulation * * * was the proximate cause of the accident, or had any relation whatever to the accident."

We have demonstrated that, if the regulation had been observed, the plaintiff would not have been injured. In this connection our attention is invited to section 269, 40 Stat. 1181 (Comp. St. Ann. Supp. 1919, § 1246), which provides that on the hearing of an appeal—

"the court shall give judgment after an examination of the entire record before the court, without regard to technical errors, defects, or exceptions which do not affect the substantial rights of the parties."

We do not think the section is pertinent here. It means that a judgment should not be reversed for any reason that does not affect the substantial rights of the parties, even though there be a technical ground for doing so. No warrant is afforded by it for holding that a party who assigns one reason in the court below for his objection to an instruction may urge an entirely different one in this court and have it considered.

Moreover, there is authority for ruling that a regulation similar to the one before us is for the benefit of persons crossing a street, as well as for one driving a vehicle behind another. An ordinance of Los Angeles provided that every person riding or driving a vehicle upon any street "shall travel on the right-hand side of such street and as near the right-hand curb thereof as possible." This ordinance did not expressly provide, as does the regulation here, that the driver of the vehicle should keep to the right-hand side of the street, so as to leave the center free and open for overtaking traffic; but that, of course, was its effect. It is therefore in substance the same as the regulation. A collision took place between an automobile and a bicycle. At the time of the accident the driver of the automobile was proceeding in a westerly direction on the south side of Fourth street in that city. The plaintiff, riding his bicycle, was traveling southerly on Clay street toward the intersection of Fourth, with the intention of turning east on the last-named street. He was going downgrade, and was unable to control his bicycle, because the brakes would not operate. As he was completing the turn on Fourth street he collided with the defendant's automobile, which, as we have said, was on the left-hand or wrong side of the street, and was thereby injured. A nonsuit was granted by the trial court, on the ground that there was no evidence indicating negligence on the part of the defendant; but the higher court reversed this ruling, holding that the violation of the ordinance by the defendant in traveling on the left-hand side of the street constituted negligence per se, and that it was for the jury to say whether or not the negligence was the proximate cause of the injury. Baillargeon v. Myers, 27 Cal. App. 187, 149 Pac. 378.

In Johnson v. Heitman, 88 Wash. 595, 153 Pac. 331, the ordinance considered required the driver to keep on the right-hand side of the street. There was a collision between a motorcycle and an automobile

at the intersection of two streets, resulting in the death of the person riding the motorcycle. The automobile was being driven on the left instead of the right-hand side of the street. The lower court instructed the jury that, because "the automobile and motorcycle were traveling on different streets which intersected at the point of collision," it was not "negligent for either * * * to be on the left side of the street on which it was traveling." The Supreme Court refused to approve this ruling, and held that the breach of the ordinance was in itself negligence, and that it was for the jury to say whether or not it was the proximate cause of the injury.

Applying the doctrine of these cases to the case at bar, it would appear that the driver of the wagon was guilty of negligence in disregarding the regulation, and that there was no error in asking the jury to say whether or not there was a causal connection between the negligence and the accident.

We are satisfied (a) that the applicability to the accident of the regulation in question was not raised in the lower court, and for this reason it should not be considered here, and (b) that the court did not err in passing upon the objection made to the instruction submitting the regulation for the consideration of the jury. In view of this it follows that the judgment must be affirmed, at the cost of the appellant.

Affirmed.