## AMERICAN ICE CO. v. MOOREHEAD
### (two cases).
### Nos. 5788, 5789.

Court of Appeals of the District of Columbia.
June 30, 1933.

John W. Fisher, of Washington, D. C., for appellant.

Stanley D. Willis, of Washington, D. C., for appellees.

Before MARTIN, Chief Justice, and VAN ORSDEL, HITZ, and GRONER, Associate Justices.

HITZ, Associate Justice.

These are separate appeals, but the cases having been consolidated and heard together below, will be treated as one case here.

Appellee (in 5788) was plaintiff below. She recovered a verdict of $5,000 against appellant because of an injury sustained by her through negligence of the driver of one of appellant's trucks. The accident occurred at the intersection of Thirteenth street with Pennsylvania avenue in Washington. Appellee and her husband had visited the Capitol and intended to visit the White House. To this end they were walking up Pennsylvania avenue on the north side. When they reached Thirteenth street, the vehicular traffic was moving east and west, that is to say, in a direction parallel to their course. Traffic on Thirteenth street at the entrance to Pennsylvania avenue was momentarily stopped. They attempted to cross Thirteenth street, and, when about twenty feet from the east curb, they found themselves directly in the track of appellant's truck, which had been traveling west on Pennsylvania avenue until it reached Thirteenth street, at which point it turned to the north, proceeding to the northward on Thirteenth street. Appellee's husband, who was nearer to the truck, jumped backward and endeavored to pull his wife with him but was

unsuccessful, with the result that appellee was knocked down by the truck, both her feet run over, and both crushed by one of the wheels.

There was the usual amount of contradictory evidence as to the speed at which the truck was traveling at the time of the impact, the estimates running from six to twenty miles an hour. There was a motion for a new trial, which was overruled; and the questions urged on this appeal are that the evidence does not show any negligence proximately causing the accident; that it does show contributory negligence on the part of appellee; that the court erred in one instruction to the jury; and that the verdict was excessive.

A traffic regulation in force in Washington provides that pedestrians shall have the right of way at all crosswalks except those controlled by traffic officers or traffic devices, and it is agreed that the crossing in question was not within the exception to the regulation. Appellee, therefore, had the right, in attempting to cross Thirteenth street, to assume that the driver of a vehicle using the street at the same time would exercise reasonable care to look out for and avoid injuring a pedestrian attempting to cross the street. Consequently the question as to who was negligent in the circumstances was essentially one for the jury. The court, in charging the jury, told them they should find for the plaintiff if the injury resulted from the failure on the part of appellant's driver to exercise ordinary care and that the burden of establishing negligence rested on appellee. The court further told the jury that even if they found that appellant's driver was at the time and place in question guilty of negligence, yet if they also found that appellee was negligent, and that her negligence caused or proximately contributed to the accident, she could not recover. In these circumstances, the jury found for the plaintiff, and, upon well-established principles, we are bound by that finding.

As we have already seen, appellee had a right to use the crossing. While there is some conflict as to precisely whether she and her husband were walking precisely between the white lines marking the crosswalk for pedestrians at the time of the accident, there is ample evidence to sustain the conclusion reached by the jury that they were. In these circumstances it is established that they were where they had a right to be, and their danger arose only as a result of the negligent conduct of appellant's driver in not taking proper precautions to observe their position and avoid running them down.

The regulation we have quoted imposed on appellant's driver notice that pedestrians had the right to use and cross the street. It was therefore his duty to keep a lookout and to take proper steps to avoid an accident. In Griffith v. Slaybaugh, 58 App. D. C. 237, 29 F.(2d) 437, 439, we said under nearly identical circumstances: "It is negligence for the driver of an automobile not to see pedestrians under such circumstances, and it is negligence to so run the machine that injury cannot be avoided after such persons are seen." Plaintiff's evidence, if true, amply sustains the charge of lack of due care on the part of the driver of the truck, and it was for the jury to say whether it was true or false. This disposes of the alleged insufficiency of evidence to support the verdict.

The assignment touching the alleged error of the court in not telling the jury that, notwithstanding the violation of the traffic ordinance, there could be no recovery if appellee was herself negligent, is without merit. Defendant's prayer No. 11, which the court gave without change, is as follows: "The court instructs the jury that even if you find from the evidence that the defendant's driver was, at the time and place in question, guilty of the negligence charged in plaintiff's declaration, yet, if you further find from the evidence and under the instructions of the court that the plaintiff, Bessie M. Moorehead, was also negligent, and that her negligence, if any, caused or proximately contributed to cause the accident, then the plaintiffs cannot recover in this case. And the court further instructs you that under such circumstances you are not warranted in comparing the negligence, if any, of the plaintiff, Bessie M. Moorehead, and the defendant's driver to determine which was guilty of the greater degree of negligence, but if you find from the evidence and under the instructions of the court that the plaintiff, Bessie M. Moorehead, was guilty of any want of ordinary care which caused or proximately contributed to cause the accident in question, then you shall find the defendant not guilty."

This instruction was certainly as favorable to appellant as it could ask. It in effect told the jury that, notwithstanding the obligation imposed by the traffic regulation upon the driver of an automobile to be watchful in avoiding injury to pedestrians lawfully using a street intersection, if the pedestrian was himself guilty of any act of negligence—which the court was careful to tell the jury was the omission to do anything which a reasonable person, guided by those ordinary con-

794

siderations which regulate human conduct, would do in the circumstances—such act of negligence would defeat a recovery. It left it to the jury to say from the whole evidence whether plaintiff's negligence, if any, was the sole proximate cause of the injury.

█ The assignment challenging the verdict as excessive is wholly without merit. We have often held that we will not reverse a judgment as excessive except when the evidence plainly shows that the amount of the verdict clearly implies passion or prejudice.

On the whole case, we think the evidence sustains appellee's right to recover; that no prejudicial error was committed; and that the judgments of the lower court should be affirmed. And it is so ordered.