## ROBERTS v. CAPITAL TRANSIT CO.

### No. 8187.

United States Court of Appeals for the District of Columbia.

Argued Oct. 14, 1942.

Decided Nov. 9, 1942.

Messrs. H. Winship Wheatley and Joseph J. Malloy, with whom Mr. H. Winship Wheatley, Jr., all of Washington, D. C., was on brief, for appellant.

Mr. Edmund L. Jones, with whom Mr. Howard Boyd, both of Washington, D. C., was on brief, for appellee.

Before GRONER, Chief Justice, and EDGERTON and RUTLEDGE, Associate Justices.

PER CURIAM.

This is an action to recover damages for personal injury growing out of a street car accident. The jury found for plaintiff, but the trial court set aside the verdict and entered judgment for defendant under Rule 50(b) of the Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c. On this appeal we, of course, construe the evidence most favorably to the plaintiff (appellant). So construed, we are of opinion the action of the court below was correct.

The accident happened in November, at 6:30 o'clock in the afternoon, in the middle of the block on Fourteenth Street, between New York Avenue and G Street, in the City of Washington. Appellant testified that a moment before the accident she had come out of a hair dressing shop located in a basement on the west side of Fourteenth Street, intending to take a northbound street car. To do this it was necessary that she cross first the sidewalk, some 12 or 15 feet wide, then the southbound highway on Fourteenth Street, some 20 feet wide, then a loading platform, some 6 feet wide, elevated approximately a foot above the driveway and parallel with the street car tracks, and finally cross the southbound and the northbound tracks onto another loading platform on the east side of the street. She testified that when she left the hairdressing shop she looked at the traffic light on the northeast corner of Fourteenth Street and New York Avenue, distant some 250 or more feet from her position in the middle of the block, and observing it red, and hence blocking Fourteenth Street traffic, she proceeded across the pavement, the driveway, and the first loading platform, without again looking north or south. She then stepped down to the track and was in-

stantaneously hit by the street car and injured.

Two other witnesses testified for plaintiff. One of them, while walking south on the eastern sidewalk of Fourteenth Street, heard the brakes of the car as it came to a stop and simultaneously saw plaintiff's body thrown some 5 feet in front of it. He had not seen her prior to the accident and his testimony has significance only in the fact that while he estimated the speed of the car at between 30 and 35 miles an hour, he also testified the car was abreast of him from the time he turned the corner of New York Avenue into Fourteenth Street until the time of the accident, making it obvious that the car was proceeding no faster than he was. The other witness, a taxi driver, who claimed to have preceded the car across the New York Avenue and Fourteenth Street intersection, likewise estimated the car's speed at 30 to 35 miles and his cab's speed at 15 miles. But since his estimate was entirely the result of what he claimed to have observed through his rear view mirror, and since, according to his own evidence, the car had not overtaken and passed his taxicab at the time of the accident, his estimate is of no importance. Of more significance is the fact that both witnesses testified that after the impact the car was stopped within a distance of 3 to 5 feet and the fact that an expert testified without contradiction that a car proceeding at 30 to 35 miles an hour could not have been stopped under 150 feet.

Five witnesses for the defendant testified that the car was moving at from 7 to 12 miles an hour and came to a stop within a few feet after striking plaintiff. Some of these witnesses who actually saw plaintiff before the accident said that she was not crossing from the west to the east side of the street, but from the east to the west side, and that the accident occurred as she went in a westerly direction across the track behind a northbound car and directly in front of the southbound car. Moreover, the evidence of plaintiff's witness, the taxi driver, tends to support this, because if the

appellant had walked from the west to the east side, as she insisted, she must have passed not more than 20 or 25 feet in front of his taxicab, which was proceeding along the west driveway abreast of the street car at the time of the impact. But the driver testified that he did not see her cross.

■ Assuming, however, as we do, the correctness of appellant's testimony, it proves that from the time she left the hair dressing shop, or at most from the time she left the sidewalk in the middle of the block, she failed at any time to look in the direction in which traffic was approaching, and that after crossing the platform immediately alongside the car track she stepped onto the track without looking. At that moment the street car could not have been less than 5 nor more than 10 feet away and the collision could not have been avoided. The traffic laws of the District of Columbia and the decisions of this court impose on a pedestrian crossing a street in the middle of the block the duty of looking to avoid being hit.[1] It is obvious that if appellant had discharged this duty, either when she stepped into the driveway or when she stepped off the platform, the accident would not have happened. The motorman of the car, even if he had seen her on the platform, would have been justified in assuming that she would not attempt to cross immediately in front of his car. And there was no evidence except her own that she was ever on the platform. No other witness saw her there and she says only that she walked across the street, came to the loading platform, and just as she stepped off was hit by the car. Her evidence shows nothing to put the motorman on notice of her intention to cross ahead of his car, nor does it show that after she stepped down he could, in the exercise of reasonable care, have stopped his car in time. There is accordingly no basis whatever for the application of the last clear chance doctrine. In this view of the case the court's action in setting aside the verdict and entering judgment for the defendant was correct. It should be and is affirmed.

Affirmed.

[1] Tyler v. Starke, 76 App.D.C. —, 128 F.2d 611; Boaze v. Windridge & H., 70 App.D.C. 24, 102 F.2d 628; Article 3, Sec. 5, D.C.Traffic Laws; Faucett v. Bergmann, 57 App.D.C. 290, 22 F.2d 718.