**SHEWMAKER et al. v. CAPITAL TRANSIT CO.**

No. 8535.

United States Court of Appeals
District of Columbia.

Decided May 29, 1944.

Mr. Justin L. Edgerton, of Washington, D. C., for appellants.

Mr. H. W. Kelly, of Washington, D. C., with whom Mr. R. E. Lee Goff, of Washington, D. C., was on the brief, for appellee. Mr. S. R. Bowen, of Washington, D. C., also entered an appearance for appellee.

Before MILLER, EDGERTON and ARNOLD, Associate Justices.

MILLER, Associate Justice.

The injuries complained of in this case resulted from a collision between two automobiles. Appellants, as plaintiffs in the trial court, contended that the accident was caused by the negligent operation of a streetcar owned and operated by appellee. The trial court denied motions to direct a verdict, which were made by appellee, first, at the close of appellants' case and, again, at the close of all the evidence. After the jury had returned a verdict for appellants the court entered judgment for appellee upon a motion to set aside the verdict, made pursuant to Rule 50 of the Federal Rules of Civil Procedure.[1] This appeal is from that judgment.

█ The rule applicable in the District of Columbia on a motion for a directed verdict, in an action founded upon negligence, is that the evidence must be construed most favorably to the plaintiff; to this end he is entitled to the full effect of every legitimate inference therefrom; if upon the evidence, so considered, reasonable men might differ, the case should go to the jury; if, on the other hand, no reasonable man could reach a verdict in favor of the plaintiff, the motion should be granted; a mere scintilla of evidence is not sufficient; the question is not whether there is any evidence, but whether there is any upon which a jury can properly proceed to find a verdict for the party upon whom the *onus* of proof is imposed; the burden being upon the plaintiff to establish the negligence and injury alleged, if the evidence fails adequately to support either element the motion should be granted.[2] The same rule is applicable on a motion to set aside the verdict under Rule 50 of the Federal Rules of Civil Procedure.[3]

█ While a verdict may properly be directed when there is no more than a scintilla of evidence,[4] or none upon which a jury could properly proceed to find a verdict for the party upon whom the *onus* of proof is imposed,[5] that was not the situation of the present case. The trial judge is to be commended for adopting the practice suggested by Rule 50; thus permitting a full trial and determination of the issues, instead of taking the case from the jury and necessitating, in case of reversal, a second bite or even successive bites at the cherry.[6] However, if the trial judge thereafter enters judgment n. o. v., then, as well as when he directs a verdict, his action must be subjected to the test stated in the preceding paragraph. Unlike the situation which exists when the judge acts as the trier of facts, the appellate court is required to balance the weight of the evidence against the judge's determination and in favor of the jury's determination. The question is, not whether there is sufficient evidence in the record to support the findings and decision of the judge, but whether there is evidence upon which reasonable men might differ as to negligence and other elements of liability; whether a jury of reasonable men could properly reach a verdict in

1 28 U.S.C.A. following section 723c.
2 Tobin v. Pennsylvania R. R., 69 App. D.C. 262, 263, 100 F.2d 435, 436; Jackson v. Capital Transit Co., 69 App.D.C. 147, 99 F.2d 380, and cases there cited.
3 Roberts v. Capital Transit Co., 76 U.S.App. 367, 131 F.2d 871. See Pessagno v. Euclid Inv. Co., Inc., 72 App.D.C. 141, 144, 112 F.2d 577, 580; Duncan v. Montgomery Ward & Co., 8 Cir., 108 F.2d 848, 852, modified on another point, 311 U.S. 243, 61 S.Ct. 189, 85 L.Ed. 147;

Jaggers v. Southeastern Greyhound Lines, Inc., 6 Cir., 126 F.2d 762.
4 Pennsylvania R. R. v. Chamberlain, 288 U.S. 333, 343, 53 S.Ct. 391, 77 L.Ed. 819; Jackson v. Capital Transit Co., 69 App.D.C. 147, 148, 99 F.2d 380, 381.
5 Gunning v. Cooley, 281 U.S. 90, 94, 50 S.Ct. 231, 74 L.Ed. 720.
6 Montgomery Ward & Co. v. Duncan, 311 U.S. 243, 253, 61 S.Ct. 189, 85 L.Ed. 147.

144

favor of the party upon whom the *onus* of proof is imposed.

█ A careful examination of the record persuades us that the evidence presented questions appropriate for the jury's determination and that its verdict should stand.[7]

Reversed.

[7] Munsey v. Webb, 37 App.D.C. 185, 188, affirmed, 231 U.S. 150, 34 S.Ct. 44, 58 L.Ed. 162; LeFoe v. Corby Co., 38 App.D.C. 54; Standard Oil Co. v. Allen, 50 App.D.C. 87, 267 F. 645; Washington, Alexandria & Mt. Vernon Ry. v. Lukens, 32 App.D.C. 442, 454.