**SOLON SERVICE, Inc., a corporation, Appellant,**

**v.**

**Mrs. Ophelia M. COOK and Mayfair Mansions, Inc., Appellees.**

**No. 12148.**

United States Court of Appeals District of Columbia Circuit.

Submitted March 9, 1955.

Decided April 28, 1955.

Messrs. Robert S. Caviness and Herbert S. Colton, Washington, D. C., submitted on the brief for appellant.

Messrs. Joseph D. Bulman and Sidney M. Goldstein, Washington, D. C., submitted on the brief for appellee Cook.

Mr. Wilbert McInerney, Washington, D. C., submitted on the brief for appellee Mayfair Mansions, Inc. Mr. Joseph S. McCarthy, Washington, D. C., also entered an appearance for appellee Mayfair Mansions, Inc.

Before EDGERTON, PRETTYMAN and DANAHER, Circuit Judges.

PRETTYMAN, Circuit Judge.

Appellee Cook was injured when she fell in the laundry room of an apartment building owned by Mayfair Mansions,

Inc. This room was customarily used as a passageway by tenants and guests entering the building from the rear. When the accident occurred Mrs. Cook was passing through the laundry room on her way to visit a tenant of the building. She brought an action for damages against Mayfair Mansions and against Solon Service, Inc., the owner of a coin-operated automatic washing machine located in the laundry room. A verdict for Mrs. Cook was returned by the jury against both defendants. Solon Service appealed from the verdict against it and also from the denial by the trial court of its cross-claim against Mayfair Mansions.

■ The principal question presented here is whether the trial court erred in denying a motion of Solon Service for a directed verdict. Solon says the record contained no evidence of negligence on its part and therefore the case against it should not have been submitted to the jury. We do not agree with that view of the record.

It is undisputed here that Mrs. Cook's fall was occasioned by a slip in a puddle of soapy water and that this water was on the floor as a result of an overflow from the washing machine. Construing the evidence most favorably to the plaintiff, and giving effect to legitimate inferences from that evidence, we think reasonable men might differ as to whether Solon Service was negligent in maintaining its washing machine.[1] At the conclusion of the testimony there was sufficient evidence from which the jury could have found (1) the overflow was a result of a defect in the machine, (2) Solon Service knew or should have known of this defect, (3) the machine was either not repaired or was negligently repaired by Solon, and (4) this negligence was a proximate cause of the injury to Mrs. Cook.

The other points respecting liability of Solon to Mrs. Cook relate to the trial judge's instructions to the jury. Solon says error was committed in the following excerpt from the charge:

"The duty imposed by law upon the Solon Service is to take into account, since this machine was in a laundry room which was used as a passageway, the fact that people may cause it to overflow by putting too much soap in it, and to do whatever was reasonable, and what is reasonable is for you to say."

■ It is urged that, if the jury concluded the machine was not defective, this instruction made Solon liable for the negligence of persons who rented the machine. The rule invoked is that a bailor is not responsible to third persons for injuries resulting from a bailee's negligent use of a bailed article. But, contrary to appellant's interpretation of the quoted instruction, the jury was not thereby told it could impose liability on Solon Service for the negligence of an operator of the machine. The instruction imposed liability upon Solon only if Solon itself was negligent in failing to "take into account", and act reasonably in view of, the probable conduct of operators.[2]

1. Shewmaker v. Capital Transit Co., D.C. Cir.1944, 79 U.S.App.D.C. 102, 143 F. 2d 142.

2. The charge had made clear that on one theory of the plaintiff's case both defendants were jointly responsible. The defenses offered by Solon Service were fairly summarized. The portion of the charge from which the challenged excerpt was taken more fully reads: "Assuming that the machine was not defective, both the owner of the machine and the owner of the building knew that if *you do put too much soap in it, it will overflow, and that if it overflows, soapy water gets on the floor, and if soapy water gets on the floor somebody normally using that entrance may slip and fall. I certainly did not think I had made this unclear, but perhaps I did. Therefore, the fact that the machine was used or misused in a manner contrary to the instructions that Solon Service put there, is not alone a defense on the part of either Solon Service or Mayfair. The duty imposed by law upon the Solon Service is to take into account, since this*

It is true there was evidence to show the overflow might have resulted from the use of an excessive amount of soap by one of the tenants; and there was uncontradicted testimony that, if soap was put into the machine in accordance with the posted instructions, no overflow due to excessive soap would be possible. However, the record also showed that Solon Service knew washers of this type overflowed from over-soaping on many occasions—once or twice a week during some periods, a witness said as to this particular machine—despite the posted instructions, and also knew the machine in question was located in a room customarily used as a passageway. The contested jury charge related to the reasonableness of appellant's acts or omissions when these facts were within its knowledge. A verdict based on the charge would be predicated on negligence on the part of Solon Service and not on any theory of vicarious liability. We think the instruction was proper.

■ Next we are told that Solon Service could in any event be responsible to Mrs. Cook only for willful or intentional harm, and that there was clearly no evidence of such conduct on its part. We need say only that this argument is based on appellant's erroneous premise that as to it Mrs. Cook was a licensee.

■ Finally, appellant urges that its cross-claim against Mayfair Mansions should have been granted. By agreement of counsel this claim was not submitted to the jury, and it was denied by the trial court after the jury verdict. The basis of the cross-claim was a contract between Solon Service and Mayfair Mansions calling for the latter to notify the former promptly whenever the washer failed to "operate in a normal manner". In upholding the denial of this cross-claim it is sufficient to point out that one of the tenants of the building notified Solon Service on the day of Mrs. Cook's injury of an earlier flooding the

same day caused by the washer in question. That notice served every purpose that could have been served by notice from Mayfair Mansions.

Affirmed.