Jane B. SKINNER, Administratrix, Estate of McKendree P. Skinner, Appellant,

v.

Ray W. KOONTZ and Mary F. Koontz, Appellees.

No. 15593.

United States Court of Appeals
District of Columbia Circuit.

Argued May 5, 1960.

Decided June 23, 1960.

Petition for Rehearing En Banc Denied
Sept. 14, 1960.

Mr. Nicholas J. Chase, Washington, D. C. with whom Mr. Meredith Daubin, Washington, D. C., was on the brief, for appellant.

Mr. Randolph C. Richardson, Washington, D. C., with whom Messrs. Charles E. Pledger, Jr., Justin L. Edgerton, and John F. Mahoney, Jr., Washington, D. C., were on the brief, for appellees.

Before PRETTYMAN, Chief Judge, PHILLIPS, Senior United States Circuit Judge for the Tenth Circuit,* and BAZELON, Circuit Judge.

**PRETTYMAN, Chief Judge.**

This is an action for wrongful death.[1] Plaintiff administratrix obtained a jury verdict and a judgment for $30,000, which were set aside on defendants' motion.[2] The sole issue on this appeal is whether the evidence was sufficient to permit the jury to find the defendants negligent.[3]

McKendree Skinner, the decedent, a pedestrian, was struck by an automobile driven by defendant Ray W. Koontz. The accident occurred shortly after midnight at or near the intersection of 47th and Upton Streets, Northwest. Koontz's testimony was confusing and inconsistent. He repeatedly testified that he did not see the pedestrian before striking him, but he said that he saw what he described as a "shadow" when he was in the middle of the intersection and that he then applied his brakes. The plaintiff administratrix had the burden of proving that Koontz should have seen Skinner in time to avoid the accident. She failed to do so. She failed to offer any evidence either of the decedent's direction of travel or of the point of impact.[4] The jury was thus left to mere speculation on those two issues, which were crucial to her cause under the circumstances of this case. Upon the evidence in this record the jury could properly have accepted the plaintiff's contention that Koontz was traveling at a minimum of twenty miles per hour when he passed through the intersection, but she failed to make any showing that such speed was unreasonable under the circumstances. Therefore, viewing the evidence most favorably to the plaintiff administratrix,[5] we hold that there was not sufficient evidence of negligence to warrant a jury in finding a verdict for the plaintiff. Hence the District Judge properly granted judgment notwithstanding the verdict.

Affirmed.

1. 31 Stat. 1394 (1901), as amended, D.C. Code § 16–1201 (1951).

2. This was a motion for a directed verdict, upon which the court reserved decision until after the jury verdict. See Fed.R.Civ.P. 50(b), 28 U.S.C.

3. Defendants were Ray W. Koontz and his wife, who was joined as a defendant because she owned the car.

4. Appellant urges us to accept certain principles of driver accountability set forth in Frisina v. Dailey, 395 Pa. 280, 150 A.2d 348 (1959). Those principles may have been well suited to the particular facts of that case, but they cannot be applied in this case in the absence of vital evidence.

5. See Shewmaker v. Capital Transit Co., 79 U.S.App.D.C. 102, 143 F.2d 142 (D.C. Cir.1944).