Prince Albert SMITH, Appellant,

v.

Robert Lee STEWARD, Appellee.

Robert Lee STEWARD, Appellant

v.

Prince Albert SMITH, Appellee.

Nos. 16023, 16026.

United States Court of Appeals District of Columbia Circuit.

Argued March 8, 1961.

Decided April 27, 1961.

* Sitting by designation pursuant to § 294 (d), Title 28 U.S.Code.

Mr. John A. Shorter, Jr., Washington, D. C., with whom Mr. Curtis P. Mitchell, Washington, D. C., was on the brief for appellant in No. 16023 and appellee in No. 16026.

Mr. Alfred M. Schwartz, Washington, D. C., for appellee in No. 16023 and appellant in No. 16026.

Before WILBUR K. MILLER, Chief Judge, and EDGERTON and DANAHER, Circuit Judges.

DANAHER, Circuit Judge.

A jury awarded damages to the appellant, but judgment n. o. v. was entered for the appellee. At the same time, the latter's motion for new trial was denied. An appeal and cross-appeal followed. We treat only with the issue involving appellant's alleged contributory negligence, for we may assume the jury properly could have found negligence on the part of the defendant-appellee.

The physical facts may be treated as we proceed. Emergency Hospital in January, 1957, was located on the north side of New York Avenue. A driveway eight feet wide ran north, up-grade, between two wings of the hospital. Some 53 feet north of the front of the building was a door, four feet wide, which opened inward. The door was recessed some two feet back of the corner of the wall of the building, and was about three feet from the traveled portion of the driveway. Appellant had planned to pass through that doorway, thence through the recessed alcove and cross the drive while carrying a ladder 11 feet or 12 feet long.

Appellant's immediate goal, directly opposite, was a similarly recessed doorway which gave entrance to the X-ray department. Here were double swinging doors, likewise set back. The superstructure of the joined buildings above the narrow driveway formed what was, in effect, a tunnel. At the outside entrance was a sign warning traffic "Stop—proceed slowly." Inside, in the "tunnel" some 35 feet, was another sign reading "Danger—pass door slowly."

As appellant carrying the long stepladder, approached the doorway on his side, his only witness, Mr. Christian, an ambulance driver, was coming out of the double doors in the X-ray building. Mr. Christian crossed the alcove on his side and was about to step out when he saw an entering taxicab, then so close that Christian could not get across the driveway. "Simultaneously," he saw that appellant had reached the door on his own side; the latter "pulled his door back and he stepped back to bring the ladder out." The ladder "was coming out ahead of him," Christian said. He had intended to cross over to hold the door open for the appellant, but as Christian saw the car and stepped back into the recessed portion of the doorway, the appellant on his side was coming through the doorway behind the ladder. Christian called "Look out," just as the front end of the ladder and the left front fender of the cab were in contact. The man who looked and saw the cab was unhurt. The man who did not is our appellant.

The appellant for more than 12 years had been employed at the hospital as a plumber's helper. He was on his way to the X-ray building to install a light bulb. He had first brought the long ladder to a point inside his doorway while he stepped out to "see if anything was coming out so I could come out with the

ladder." He looked but saw nothing coming, he said. He then went back through the alcove, re-opened the door and pushed it inward. The door closed, but he picked up the ladder, got it under his left arm and opened the door again. Meanwhile the cab had entered the driveway and was approaching at not more than 10 miles per hour. Appellant tried to hold the door and push it back, so that he might pass the ladder out. As he was doing so and when he was still in the doorway, the front end of the ladder, at least some three or four feet out in the driveway, was struck by the cab. Appellant did not and from the door could not see the cab as it approached nor did he see the cab strike the ladder.

Even as we accord to the appellant every favorable intendment to which he may be entitled, the evidence he offered established his own contributory negligence. The trial judge, after argument, in ruling upon the post-verdict motions, observed he had felt at the time of trial he should have directed a defendant's verdict. He had not done so, he said, out of deference to our admonition to let the trial proceed and thereafter rule pursuant to Fed.Rules Civ.Proc. Rule 50, 28 U.S.C.A.[1] He reasoned that the appellant after more than 12 years' employment at the hospital was thoroughly familiar with "one of the most dangerous conditions I have ever seen," as the judge put it. To project three or four feet of the long ladder into the driveway before the appellant could possibly see whether or not a car was coming was a negligent act. The "plaintiff" had looked at one point, but thereafter he had to reenter the building, to "walk back, pick up a ladder, get it secured under his arm, walk back again, again it is going to take many seconds," the judge said.

Of course the cab was approaching the point of impact, but appellant had not again looked and hence did not see it. The physical facts prove conclusively that the ladder must have been pushed into the driveway just as the front of the cab came opposite the doorway. The left front fender struck the ladder while the appellant was still in the recessed doorway, the evidence clearly showed.

Thus, the trial judge concluded, due to his "strong feeling about this dangerous situation, plaintiff's knowledge of it, and the manner in which he stuck the ladder out in front of him, I will hold that under the evidence interpreted most favorably to the plaintiff, he was guilty of contributory negligence as a matter of law."

We agree.

Affirmed.

---

1. Cf. Shewmaker v. Capital Transit Co., 1944, 79 U.S.App.D.C. 102, 103, 143 F.2d 142, 143.