Louis KUZMINSKY, Appellant,

v.

Leroy WOODARD, Appellee.

No. 16496.

United States Court of Appeals District of Columbia Circuit.

Argued May 2, 1962.

Decided July 6, 1962.

Danaher, Circuit Judge, dissented.

Mr. Edward L. Genn, Washington, D. C., with whom Mr. George Jacobi, Washington, D. C., was on the brief, for appellant.

Mr. Wilbert McInerney, Washington, D. C., for appellee. Mr. John S. McInerney, Washington, D. C., also entered an appearance for appellee.

Before EDGERTON, FAHY and DANAHER, Circuit Judges.

PER CURIAM.

In this suit for personal injuries the District Court directed a verdict for the defendant after a jury had failed to agree. We think there should be a new trial.

The plaintiff testified that he was standing in a crosswalk when he was struck by the defendant's car. The defendant testified in effect that the plaintiff stepped off a loading platform and walked against the side of the car. Which version is correct is a typical jury question. If a jury believed the plaintiff's version, it might reasonably conclude that the defendant was negligent in failing to yield the right of way to a pedestrian. D.C.Traffic and Motor Vehicle Regulations, Pt. I, §§ 52(a), 54; Griffith v. Slaybaugh, 58 App.D.C. 237, 239, 29 F.2d 437, 439 (1928); Peck v. United States, 195 F.2d 686 (4th Cir. 1952); Henkelmann v. Metropolitan Life Ins. Co., 180 Md. 591, 595, 26 A.2d 418, 421 (1942). Other jury questions are whether the plaintiff was contributorily negligent, and if he was, whether the defendant in the exercise of due care should have observed that the plaintiff was oblivious to the car's approach and taken steps which he did not take to avoid the accident. Capital Transit Co. v. Garcia, 90 U.S.App.D.C. 168, 194 F.2d 162 (1952).

Reversed and remanded.

DANAHER, Circuit Judge (dissenting).

Since it was the plaintiff's burden to establish the negligence and the injury alleged, if the trial judge at the close of the case had concluded that the evidence was insufficient to support either

element, he properly could have granted[1] the defendant's motion for a directed verdict. Instead, in accordance with a practice which we have repeatedly approved,[2] the District Judge reserved action on that motion under Fed.R.Civ.P. 50(b), 28 U.S.C.A., and he could have granted judgment n. o. v., even if a plaintiff's verdict had been returned. After viewing the evidence most favorably to the plaintiff, the trial judge here concluded that the plaintiff was not entitled to recover. I think we should affirm.[3]

On a clear, bright August morning, before stepping off the west curb of Georgia Avenue, the plaintiff testified, he looked both ways, but saw no traffic. Georgia Avenue, which runs north and south, carries two lanes of traffic either side of a double trolley track. The plaintiff walked easterly out into Georgia Avenue, taking seven or eight steps. Then in the crosswalk, he *stopped* as he saw a northbound car approaching from his right.

Thus, he testified, he stood at a point a foot or so west of the west rail of the streetcar tracks when he was in collision with the defendant's car, coming from the plaintiff's left. The latter was southbound on Georgia Avenue, traveling in the car tracks. The point of impact was at the south end of a streetcar loading platform which the plaintiff testified was about 90 feet long.

The plaintiff never saw the southbound car operated by the defendant; he had not looked to his left after leaving the curbstone. He did not know with what part of the car he was in contact. "I know I was hooked," he testified. That was the plaintiff's evidence.

He called as a witness one Irving Tittlebaum. The latter was seated in a truck headed west on Otis Street which intersects Georgia Avenue on the east side. He took note of traffic conditions, observing that on his right there were several cars coming south on Georgia Avenue. There was a car headed north as well, and Mr. Tittlebaum was waiting for the traffic to pass. He had the plaintiff under observation for a couple of seconds during which time the plaintiff was *standing* in the crosswalk "beside the loading platform." He did not see the defendant's southbound car at the moment of impact, but he had observed its approach and that it was traveling on the streetcar tracks, where after the collision, it stopped.

The plaintiff next called the defendant as an adverse witness. His car was traveling about 22 miles per hour. As the defendant approached the northern end of the loading platform, he first saw the plaintiff, facing in an easterly direction, and standing on the southern tip of the loading platform. As the defendant was passing the streetcar platform he reduced the speed of his car to 20 miles per hour. He watched the plaintiff as he stood there "until I had passed him," when he became aware of a "sort of brushing effect against the car."

That was the plaintiff's whole case.

The plaintiff did not look to his left as he crossed one of the District's main arteries. He never saw the defendant's car. He offered no evidence as to undue speed. He presented no evidence of failure to maintain a proper lookout on the part of the defendant. On the contrary, the plaintiff's own case presented a situation in which the defendant *had* kept the plaintiff under observation. The plaintiff was standing there, not crossing, not moving from a position of safety. The defendant was entitled to assume the plaintiff had seen the car as it approached, and having made ordinary use of his senses, would not blindly walk into a position of danger. In these circumstances, and otherwise on the facts,

1. Shewmaker v. Capital Transit Co., 79 U.S.App.D.C. 102, 143 F.2d 142 (1944); and see Williams v. Greenblatt, 106 U.S. App.D.C. 335, 272 F.2d 564 (1959).

2. Skinner v. Koontz, 102 U.S.App.D.C. 73, 284 F.2d 207 (1960).

3. Ibid.

Capital Transit Co. v. Garcia[4] does not here apply.

There is nothing to suggest that the trial judge concluded that the plaintiff was guilty of contributory negligence as a matter of law, but he need not have so decided. Even granting to the plaintiff every favorable intendment, the trial judge properly decided that the plaintiff entirely failed to prove that unreasonable or improper conduct of the defendant had produced the plaintiff's harm. Something more than speculation and conjecture is necessary to establish liability.[5] Were I to indulge in such speculation, I could readily conjecture that the plaintiff, without looking, walked right into the side of the defendant's car.

I would affirm.

4. 90 U.S.App.D.C. 168, 194 F.2d 162 (1952).

5. Skinner v. Koontz, supra note 2. And see Capital Transit Co. v. Gamble, 82 U.S.App.D.C. 57, 160 F.2d 283 (1947).