Joseph Dennis **BRODERICK**, Appellant,

v.

Thomas Joseph **GLETNER**, Appellee.

No. 4319.

District of Columbia Court of Appeals.

Argued Nov. 4, 1968.

Decided Jan. 28, 1969.

Dorsey K. Offutt, Washington, D. C., with whom Harry J. Bozof, Washington, D. C., was on the brief, for appellant.

Patrick J. Attridge, Washington, D. C., with whom Cornelius H. Doherty, Washington, D. C., was on the brief, for appellee.

Before HOOD, Chief Judge, and KELLY and GALLAGHER, Associate Judges.

HOOD, Chief Judge:

This appeal is from a directed verdict in favor of defendant-appellee in an action against him by plaintiff-appellant for damages for personal injuries suffered by plaintiff when he was struck by an automobile driven by defendant. The principal question is whether there was evidence of negligence on the part of defendant sufficient to compel submission of the question of negligence to the jury.

The accident occurred near midnight on a clear summer evening in the vicinity of the intersection of Georgia Avenue and Aspen Street. At this intersection there was no traffic light or stop sign controlling traffic on Georgia Avenue. Plaintiff's testimony was that he had left his automobile parked about three car lengths north

of the intersection in order to look for some photographs he thought had fallen out of his car window. He walked south to the intersection, looked south, observed no approaching traffic, stepped off the curb and started across Georgia Avenue. Although plaintiff first testified he recalled nothing after leaving the curb, he later testified he was halfway across the street before he was struck. When asked to indicate on a blackboard diagram where he was when he was struck, he marked an "X" in the center of the intersection—not in the crosswalk. Plaintiff said he never saw the car which struck him and could not say whether he was struck by the front or side of the car.

In an attempt to fill some of the gaps in his testimony, plaintiff called as witnesses the defendant and a Mr. Clarke who was driving immediately preceding the defendant. Clarke testified that he was driving north on Georgia Avenue, and at or near the intersection of Aspen Street he saw to his right a man walking in the street and he was forced to swerve in order to avoid striking the man, that he proceeded a short distance and then stopped because he saw that the traffic behind him had stopped. He went back to "see what was wrong with the man to walk out in a line of traffic like he did, and also to see was he hit."

The defendant testified that he was driving north on Georgia Avenue at a speed of 20 to 25 miles an hour, and that immediately in front of him was another car, later determined to be Clarke's car; that the car in front swerved and he also swerved and at the same time saw a man 8 or 10 feet away "running into the street"; that he applied his brakes and the man ran into his car, and that this happened after he had crossed the intersection.

On the testimony as outlined above, we hold the trial court correctly directed a verdict for the defendant. The mere happening of the accident created no presumption of negligence on the part of the defendant,[1] and we find no evidence in the record from which a jury could find that defendant was negligent.

Plaintiff argues that the jury could have found that he was in the crosswalk when struck, and from that could have reasonably inferred that defendant was negligent in failing to yield the right of way to plaintiff, a pedestrian.[2] The defect in this argument is that there was no evidence from which the jury could have found that plaintiff was in the crosswalk when struck. All the evidence, including plaintiff's own testimony, was to the contrary. A finding that defendant was negligent would have been based upon mere speculation.[3]

Plaintiff also complains that the trial court refused to admit in evidence photographs of the scene of the accident taken five years after the accident.[4] "Admission of photographs is within the discretion of the trial judge who is in the best position to determine whether they properly reflect the testimony or the circumstances sought to be depicted."[5] Under the circumstances disclosed by the record, we find no abuse of discretion by the trial court.

Plaintiff also argues that his case should have been submitted to the jury on the last clear chance doctrine, but this

1. Martin v. United States, 96 U.S.App.D.C. 294, 225 F.2d 945 (1955), quoting from F. W. Woolworth Co. v. Williams, 59 App.D.C. 347, 41 F.2d 970 (1930).

2. See Kuzminsky v. Woodard, 113 U.S. App.D.C. 238, 307 F.2d 195 (1962); Simmonds v. Capital Transit Co., 79 U.S. App.D.C. 371, 147 F.2d 570 (1945); American Ice Co. v. Moorehead, 62 App. D.C. 266, 66 F.2d 792 (1933).

3. See Skinner v. Koontz, 109 U.S.App. D.C. 73, 284 F.2d 207 (1960).

4. This action was not brought until almost exactly three years after the accident occurred, and the trial took place five years after the accident.

5. Mann v. Robert C. Marshall, Ltd., D.C. App., 227 A.2d 769, 771 (1967).

doctrine presupposes a perilous situation created by the negligence of both plaintiff and defendant,[6] and, as we have held, there was no evidence that plaintiff's perilous situation was created by any negligent act of defendant.

We find no error.

Affirmed.

6. Richardson v. Gregory, 108 U.S.App.D.C. 263, 281 F.2d 626 (1960).