**CAPITAL TRANSIT CO., Inc., v. GAMBLE et al.**

No. 9244.

United States Court of Appeals District of Columbia.

Argued Jan. 9, 1947.

Decided March 10, 1947.

Mr. Howard Boyd, of Washington, D. C., for appellant. Mr. Edward Bennett Williams, of Washington, D. C., also entered an appearance for appellant.

Mr. Wilbert McInerney, of Washington, D. C., with whom Mr. Morris Benson, of Washington, D. C., was on the brief, for appellees. Mr. Lewis A. McGowan, Jr., of Washington, D. C., also entered an appearance for appellees.

Before GRONER, Chief Justice, and CLARK and PRETTYMAN, Associate Justices.

CLARK, Associate Justice.

This is an appeal from a verdict and judgment of the District Court awarding damages for personal injuries. Defendant moved for a directed verdict at the close of the plaintiffs' evidence and again at the close of its evidence. These motions were denied. After the jury returned a verdict in favor of plaintiffs and judgment was entered thereon, defendant moved for judgment notwithstanding the verdict which was denied. Defendant, as appellant here, urges that this action of the trial court was error.

Considering the case as we do, it presents a single question which can only be answered by an analysis of the evidence. If the evidence, construed most favorably to the plaintiffs, is insufficient to form a basis for a verdict for plaintiffs, the court erred in submitting the case to the jury. We agree with the contention presented by appellant that the court should have directed a verdict in its favor at the close of the evidence. While we are of opinion that defendant's motion made at the close of plaintiffs' evidence should have been granted, defendant's introduction of evidence was a waiver of that motion and the court's failure to grant it cannot be alleged as error on appeal. See Wigmore, Evidence (3d Ed. 1940) § 2496. However, defendant's evidence in no way strengthened plaintiffs'

case and plaintiffs are in no better position as a result of it than they were at the termination of their own presentation.

Appellant's streetcar was proceeding west in the 1200 block of C Street, Northeast, a one-way street thirty-two feet wide with a single streetcar track four feet eight inches wide laid in the center. Along side the south sidewalk and curb of the street was stacked furniture extending from in front of the premises 1209 C Street east to 1213 or 1215 C Street. Peggy Ann Gamble, an infant five years of age at the time of the accident, had been playing on the sidewalk along the south side of the street when she ran from the curb in front of the premises at 1209 C Street directly into the left front side of appellant's streetcar.

Mrs. Massicotte, plaintiffs' only eyewitness, testified that she was knocking at the door of 1209 C Street and that she turned around just in time to see the child "run directly into the trolley car"; that she saw the streetcar prior to the time it struck the child; that she "knew she (the child) was going to be hit with the streetcar"; that she wouldn't estimate how far away the streetcar was when she saw the child start from the curb but that in reference to the furniture piled on the sidewalk the "streetcar might have been about maybe around 1213, 1211; it wasn't very far"; that the child was running fast; that when she saw the child run off the curb she knew she was going to be hit because the trolley car was so close; that "she couldn't escape if she was going to keep right on going"; that she did not become aware of the fact that brakes on the streetcar were being applied until after the child was hit; that she didn't know how far the streetcar went after it struck the child before it came to a complete stop but that "it didn't go very far." Other witnesses for plaintiffs who came upon the scene after the accident happened testified that the child was lying, with respect to the streetcar, "just to the rear of the front trucks", or "about middleway of the car"; that the width of the houses along the street was from 12 to 14 feet (the exact measurement was not given); that the rear of the streetcar when stopped was at 1215 C Street; that the streetcar was about 35 feet long.

■ We are of opinion that the evidence adduced by plaintiffs, considered with all the inferences which justifiably can be drawn from it in their favor, is not sufficient to properly support a verdict for them. "When a plaintiff produces evidence that is consistent with an hypothesis that the defendant is not negligent, and also with one that he is, his proof tends to establish neither." Gunning v. Cooley, 281 U.S. 90, 50 S.Ct. 231, 232, 74 L.Ed. 720; Kelly Furniture Co. v. Washington Ry., 64 App.D.C. 215, 76 F.2d 985; Ewing v. Goode, C. C., 78 F. 442, 444.

■■ One undisputed fact which is entirely apart from the estimates by witnesses of speeds and distances, seems to answer the question of negligence by the motorman. The child, running fast, darted from behind the stack of furniture and ran a little less than thirteen feet into the side of the car just to the rear of its curved front. So the maximum time which the motorman had to avoid the accident was a little less than the time it took the child to run fast the thirteen feet. We say a little less time, because to avoid the accident he would have had to stop the car before it reached the spot where the child was, which, as we have said, was slightly to the rear of the front of the car. Anything less than a complete stop before the spot of the collision would have brought the child into the front of the car instead of into its side. We cannot see how the motorman could possibly be held to have been negligent in failing to stop in so brief a moment of time.

It was strongly urged on the part of appellee that a child of five could not be guilty of contributory negligence. There is conflict of authority on this point and we understand the rule to be that the question of the ability of a child of five to be guilty of contributory negligence depends on the child and the degree of intelligence it is shown to have possessed. But where, as here, the evidence as to primary negligence produced by the plaintiff is so weak that to submit it to a jury would be to allow them to speculate as to the defendant's negligence the question of contributory negligence does not enter and the court should rightfully exercise its lawful

discretion and withhold that evidence from the jury. Appellant's motion for a directed verdict made at the conclusion of the evidence should have been granted. Failing this, the court should have granted appellant's motion for judgment notwithstanding the verdict. The judgment is reversed and the case remanded with instructions to dismiss the complaint. See Cone v. West Virginia Pulp and Paper Co., 67 S.Ct. 752.

Reversed.