Sadie A. PRESTON, Plaintiff,

v.

SAFEWAY STORES, Inc., Defendant.

Civ. No. 2035–56.

United States District Court
District of Columbia.

July 12, 1958.

Martin Mendelsohn, Washington, D. C., for plaintiff.

Cornelius H. Doherty, Washington, D. C., for defendant.

HOLTZOFF, District Judge.

This is a motion by the defendant for judgment notwithstanding the verdict or in the alternative for a new trial on the ground that the amount of damages awarded by the jury is excessive.

The action is brought by a customer of a grocery store against its owner to recover damages for personal injuries resulting from a fall due to slipping on a tiny piece of onion lying on the store floor. After a trial on the merits, the jury found a verdict in favor of the plaintiff in the sum of $5,000. At the close of the plaintiff's case, counsel for the defendant moved for a directed verdict on the ground that no negligence on its part had been shown. The motion was denied. It was renewed at the close of the entire case with the same result. The point is now brought on for reconsideration by the motion for judgment notwithstanding the verdict.

The principles of law governing the duty of a storekeeper or of the operator of any other similar establishment, such as a restaurant, in respect to the security of members of the public who are impliedly invited to enter and patronize the establishment, are well settled. The shopkeeper is not an insurer or guarantor of their safety. Nevertheless, since he impliedly invites them to enter for the purpose of transacting business, he is under a duty to exercise reasonable care for their protection. Their status is that of invitees. Failure to exercise reasonable care constitutes negligence and if such negligence is the proximate cause of an injury to a patron within the establishment, its owner or operator is liable for damages. The burden of proving negligence is necessarily on the plaintiff. F. W. Woolworth Co. v. Williams, 59 App.D.C. 347, 41 F.2d 970; Brodsky v. Safeway Stores, 80 U.S.App. D.C. 301, 152 F.2d 677; Restatement, Torts, § 343; Prosser on Torts, Sec. 78.

Specifically, it is the duty of the storekeeper to use reasonable care to keep the aisles of the store free from foreign substances on which persons might slip and fall. If one of his employees causes such matter to be dropped or left on the floor and a customer is thereby injured, the storekeeper is liable. Likewise if it is shown to have been on the floor a sufficient length of time to constitute constructive notice of its presence, the storekeeper is liable for injuries caused thereby, since he is under a duty to remove such material within a reasonable time after it finds its way to the floor, irrespective of its source. On the other hand, the storekeeper is not liable if a piece of debris is dropped by some third person and has not remained long enough to charge him with notice.

In the case at bar, the theory of the plaintiff was that the shred of onion on which she slipped was on the floor as a result of negligence of one of the defendant's employees in sweeping the aisle. In other words, it is the plaintiff's contention that this case comes within the first of the foregoing categories, namely, that the debris was dropped by one of the employees of the defendant or overlooked by him when he cleared the floor.

The evidence on this point is not controverted. An employee of the defendant, called as a witness on behalf of the plaintiff, testified that it was his duty to clean the portion of the floor where the accident occurred; that he swept it five or ten minutes before the plaintiff fell; and that among the sweepings were about two handsfull of vegetable leaves, which included pieces of lettuce and onion tops. There was also some testimony to the effect that during the short interval elapsing between the time when the employee swept the aisle, and the moment when the accident occurred, there were two or three other customers in that part of the establishment.

It was the plaintiff's contention that the jury had a right to infer from the testimony that in sweeping the floor the employee had overlooked or neglected to sweep one little piece of onion that was lying on the floor and later caused the accident. It must be borne in mind that the ultimate fact on which the plaintiff

relies, just as any other fact in any case, be it civil or criminal, may be proved by circumstantial evidence. On the other hand, the defendant urged that it was equally possible that one of the two or three customers or that even the plaintiff herself had accidently tracked in or dropped the offending piece of debris. The court submitted to the jury the question as to what inference should be drawn from the evidence. The jury found a verdict in favor of the plaintiff, thereby accepting the plaintiff's view of the facts.

■ It is argued in behalf of the defendant that since the evidence was capable of either one of two inferences, it cannot be deemed sufficient to prove either and that, therefore, a verdict in its favor should have been directed. There is indeed some basis for this position. One of the earliest and clearest statements of this principle is found in an opinion of Judge Taft, as a Circuit Judge, in Ewing v. Goode, 78 F. 442, 444, which reads as follows:

"When a plaintiff produces evidence that is consistent with an hypothesis that the defendant is not negligent, and also with one that he is, his proof tends to establish neither."

The Supreme Court approved this principle in Gunning v. Cooley, 281 U.S. 90, 94, 50 S.Ct. 231, 74 L.Ed. 720, quoting this statement of Judge Taft. In Pennsylvania R. Co. v. Chamberlain, 288 U.S. 333, 339, 53 S.Ct. 391, 393, 77 L.Ed. 819, the Court said:

"We, therefore, have a case belonging to that class of cases where proven facts give equal support to each of two inconsistent inferences; in which event, neither of them being established, judgment, as a matter of law, must go against the party upon whom rests the necesssity of sustaining one of these inferences as against the other, before he is entitled to recover."

This doctrine was adopted and applied by the Court of Appeals for this Circuit. Kelly Furniture Co. v. Washington Ry.

& Electric Co., 64 App.D.C. 215, 217, 76 F.2d 985; Capital Transit Co. v. Gamble, 82 U.S.App.D.C. 57, 58, 160 F.2d 283.

Were this the state of the law at present, this Court would have been inclined to direct a verdict in favor of the defendant. This principle, however, no longer prevails in the Federal courts. In Lavender v. Kurn, 327 U.S. 645, 653, 66 S.Ct. 740, 90 L.Ed. 916, involving an action under the Federal Employers' Liability Act, 45 U.S.C.A. § 51 brought to recover damages for the wrongful death of a railway employee while in the performance of his duties, the evidence was capable of either of two inferences. The deceased had been struck on the back of his head causing a fractured skull from which he died. There were no eye witnesses to the fatal blow. The circumstantial evidence tended to show that he might have been struck by a train, or that he might have been murdered. At the trial there was a verdict for the plaintiff. On appeal the Supreme Court of Missouri reversed the judgment holding that there was no substantial evidence of negligence to justify the submission of the case to the jury. The Supreme Court of the United States reversed the judgment of the Supreme Court of Missouri, 189 S.W.2d 253, and remanded the case. It held, in effect, that there was a question for the jury to determine, which of the two inferences should be drawn from the evidence. In its discussion of this subject the Court stated (327 U.S. at page 653, 66 S.Ct. at page 744):

"It is no answer to say that the jury's verdict involved speculation and conjecture. Whenever facts are in dispute or the evidence is such that fair-minded men may draw different inferences, a measure of speculation and conjecture is required on the part of those whose duty it is to settle the dispute by choosing what seems to them to be the most reasonable inference."

The conclusion seems inescapable that the decision in Lavender v. Kurn, must be deemed to constitute an abandonment of the earlier doctrine that if the evi-

dence is capable of either of two inferences, it cannot be deemed to support either. The case substitutes the principle that in such an event, it is for the jury to determine which inference to deduce and that the jury has a right to draw either one. The prior cases, to which reference has been made, must be deemed to have been overruled *sub silentio*. The fact that they are not mentioned in the opinion of Lavender v. Kurn and that the earlier doctrine is not referred to, is immaterial for appellate reports are replete with instances of decisions being overruled *sub silentio*. Lest it be suggested that cases under the Federal Employers' Liability Act are *sui generis* and that, therefore, the ruling in Lavender v. Kurn should be limited to actions in that category, it must be observed that there is no logical basis for assigning a different scope of functions to the jury in cases of a single type, than is accorded to it in all other cases. If the jury has a right to select one of two possible inferences that may be deduced from the evidence in actions of one kind, it has a right to do so in all situations.

The view here indicated as to the effect of the decision of the Supreme Court in Lavender v. Kurn, supra, has likewise been adopted in other cases. Thus the Court of Appeals for the Eighth Circuit in an opinion written by Judge Sanborn, in Anglen v. Braniff Airways, 237 F.2d 736, 740, made the following statement:

> "In a jury case, where conflicting inferences reasonably can be drawn from evidence, it is the function of the jury to determine what inference shall be drawn.", citing Lavender v. Kurn.

That case involved an ordinary negligence action, which was not governed by the Federal Employers' Liability Act. Judge Sanborn's statement was quoted with approval in a later case, in which the opinion was written by Judge Woodrough, Continental Can Company v. Horton, 8 Cir., 250 F.2d 637, 643, again citing Lavender v. Kurn.

This discussion inevitably leads to the conclusion that it is no longer the rule in the Federal courts that if the evidence is susceptible of two possible inferences, it is not sufficient to establish either. On the contrary, the present doctrine is that if the evidence may lead to either one of two inferences, it is for the jury to determine which inference should be deduced and the jury has a right to draw either one. In the light of these considerations, the court is of the opinion that the issue of negligence was correctly submitted to the jury and that the latter was justified in finding that the plaintiff's injuries were caused by the negligence of defendant's employee.

In the alternative, the defendant moves for a new trial on the ground that the amount of the verdict was excessive. In an action involving personal injuries in which the damages are necessarily unliquidated, the amount to be awarded is purely within the sound judgment of the jury, subject necessarily to the power of the trial judge to order a new trial in case the verdict is excessive, or to deny a motion for a new trial on condition that the plaintiff agree to a remittitur in a specified sum. What constitutes an excessive verdict is not to be tested by the sum that the judge would have awarded had he been the trier of the facts. That he might have allowed an amount smaller than was granted by the jury, is not in itself sufficient to brand the verdict as excessive. There must manifestly be a considerable range within which the jury may operate. It is only if the amount of damages assessed by the jury is beyond the bounds of reason or, as is sometimes said, shocks the conscience, that it may be deemed excessive and a new trial granted on that ground. Tested in this manner the verdict in the instant case cannot be deemed excessive.

The plaintiff is a lady over sixty years of age. As a result of the fall she sustained an injury to her back. Her medical and hospital expenses aggregated over $400. She had been eking out a modest living by doing laundry work in

her own home on a part time basis and thereby earned on the average of $50 a month. She claimed that her back injury prevented her from continuing these activities. The medical testimony was to the effect that she had a congenital abnormality in her back that had never caused her any pain or distress, but that was aggravated by the accident and resulted in severe pain which has continued intermittently as late as the time of the trial. The medical opinion was to the effect that this condition would continue indefinitely. In addition she sustained an injury to her right knee and also became subject to headaches. It was proper to make due allowance for pain and suffering and for the inability to carry on her prior occupation. Under the circumstances, the Court is unable to conclude that the amount of the verdict was beyond the realm of reason. It cannot be deemed excessive in that sense.

The motions are denied.