**SAFEWAY STORES, INC., a corporation, Appellant,**

v.

**Sadie A. PRESTON, Appellee.**

**No. 14728.**

United States Court of Appeals District of Columbia Circuit.

Argued Feb. 17, 1959.

Decided March 5, 1959.

Petition for Rehearing Denied May 15, 1959.

Mr. Cornelius H. Doherty, Washington, D. C., for appellant.

Mr. I. Irwin Bolotin, Washington, D. C., with whom Messrs. Martin Mendelsohn and Morris Benson, Washington, D. C., were on the brief, for appellee.

Before WILBUR K. MILLER, DANAHER and BASTIAN, Circuit Judges.

DANAHER, Circuit Judge.

A jury's verdict established appellee's claim to damages as compensation for injuries due to a fall in the appellant's store. Appellant argues that the District Court erred in its failure to direct a verdict in favor of the appellant or, at least, in its denial of appellant's motion for judgment n. o. v. We must

view the facts in the light most favorable to the appellee.

Appellee was at the checkout counter behind another customer who had bought canned goods and dry groceries. She decided to pick up another item. As she started from the checkout counter toward a near-by shelf, she had taken her second step when she "stepped on something and skidded and my feet went up and I fell backwards." Upon being assisted to her feet she looked to see what was on the floor and discovered "a skidmark and there was a piece of some kind of vegetable * * *." "It was all matted up and all dark and bruised * * *. There was nothing fresh about it."

The checkout clerk, one Hill, called by the appellee, saw her slip and "have a hard fall," some four or five feet from the checkout counter. He examined the floor to see what appellee "had slipped on" and discovered a small piece of green onion top. The manager came forward and picked up the vegetable matter. Hill, some five to ten minutes earlier, had swept the floor, starting "at the beginning of the vegetable stand and * * * kept on sweeping all the vegetable leaves all around the store until [he] got behind [the] checking-out counter * * *." Then he gathered up some two handfuls of vegetable leaves including lettuce and green onion tops which he had deposited in a container behind his checkout counter. He swept down the aisle "right by" the checkout counter where customers walk to check out.

There is no dispute about the facts. Appellant insists that the trial judge should not have permitted the jury to draw the inference that the appellant's clerk in the first place had negligently failed to sweep up the piece of onion top, or had himself negligently dropped it as he sought to pick up two handfuls of vegetable matter from the floor or as the leaves were being swept into the receptacle, or even that he had overlooked the vegetable matter as he swept the lettuce leaves and the onion tops along the floor from the vegetable bin to the checkout counter. The trial judge ruled that the jury was entitled to draw such inferences from the undisputed facts. Appellant had urged that some customer or even the appellee herself might accidentally have dropped the onion top. Appellant thus would frame the issue in terms of possible inferences from possible but undemonstrated facts. But there was no evidence whatever that any preceding customer had purchased vegetables, and clearly the appellee had not done so.

Appellant argues that this case is controlled by Brodsky v. Safeway Stores, 1945, 80 U.S.App.D.C. 301, 152 F.2d 677 and F. W. Woolworth Co. v. Williams, 1930, 59 App.D.C. 347, 41 F.2d 970. In the latter, plaintiff had made no effort to show how or by whom a dark spot on the floor had been created or how long it had existed. All the evidence but her own described a clean, recently swept floor, devoid of trash, soap, or grease of any kind. Plaintiff testified only that she had no doubt her heel had been placed upon an oval-shaped spot, otherwise unidentified. Of course, she failed to establish the store-owner's negligence.

In the Brodsky case, again, there was no evidence that Safeway had been negligent "either in *creating the alleged condition* or in permitting it to continue." [152 F.2d 677.] (Emphasis added.)

Here on the other hand, the clerk had swept lettuce leaves and onion tops directly from the area about the vegetable bins right down to his checkout counter. He had sought to retrieve all debris and had even picked up two handfuls, including green onion tops. It is not unreasonable to infer that he dropped at or swept to the very spot near his counter the green onion top on which the appellee slipped. Of course the appellant is not an insurer of the safety of its patrons while upon its premises, but in this case, the jury might well have concluded that an employee of the store-owner had negligently created the

condition complained of.[1] We think the trial court properly let the jury decide the case.

In this view, we do not consider appellant's assault upon the trial judge's reference to Lavender v. Kurn, 1946, 327 U.S. 645, 66 S.Ct. 740, 90 L.Ed. 916.[2] The Supreme Court has dealt fully with such statutory negligence actions in Rogers v. Missouri Pacific R. Co., 1957, 352 U.S. 500, 507, 77 S.Ct. 443, 1 L.Ed.2d 493; and see Id., 352 U.S. at page 510, and note 26, 77 S.Ct. at page 451.

Affirmed.

WILBUR K. MILLER, Circuit Judge (dissenting).

The learned trial judge cited in his opinion several cases [3] which support the following statement he quoted from Pennsylvania R. Co. v. Chamberlain, 1933, 288 U.S. 333, 339, 53 S.Ct. 391, 393, 77 L.Ed. 819:

"We, therefore, have a case belonging to that class of cases where proven facts give equal support to each of two inconsistent inferences; in which event, neither of them being established, judgment, as a matter of law, must go against the party upon whom rests the necessity of sustaining one of these inferences as against the other, before he is entitled to recover. * * *

The District Court's opinion then adds:

"Were this the state of the law at present, this Court would have been inclined to direct a verdict in favor of the defendant. This principle, however, no longer prevails in the Federal courts. * * *

"The conclusion seems inescapable that the decision in Lavender v. Kurn, 1946 [327 U.S. 645, 66 S. Ct. 740, 90 L.Ed. 916], must be deemed to constitute an abandonment of the earlier doctrine that if the evidence is capable of either of two inferences, it cannot be deemed to support either. This case substitutes the principle that in such an event, it is for the jury to determine which inference to deduce and that the jury has a right to draw either one. The prior cases, to which reference has been made, must be deemed to have been overruled sub silentio. * * *" [163 F.Supp. 752.]

Thus the district judge thought Lavender v. Kurn required him to depart from the general rule in negligence cases set forth in the Chamberlain opinion. But the Lavender case arose under the Federal Employers' Liability Act * and was intended to apply in actions thereunder.[4]

1. Cf. Washington Market Co. v. Clagett, 1901, 19 App.D.C. 12, 24; O'Dwyer v. Northern Market Co., 1904, 24 App.D.C. 81.

2. But see Pennsylvania Railroad Co. v. Pomeroy, 1956, 99 U.S.App.D.C. 272, 279, 280, 239 F.2d 435, 442, 443, certiorari denied, 1957, 353 U.S. 950, 77 S.Ct. 861, 1 L.Ed.2d 859.

3. Gunning v. Cooley, 1930, 281 U.S. 90, 50 S.Ct. 231, 74 L.Ed. 720; Kelly Furniture Co. v. Washington Ry. & Elec. Co., 1935, 64 App.D.C. 215, 76 F.2d 985; Capital Transit Co. v. Gamble, 1947, 82 U.S.App.D.C. 57, 160 F.2d 283; and Ewing v. Goode, C.C.S.D.Ohio, 1897, 78 F. 442, 444.

In the Ewing case Circuit Judge William Howard Taft wrote: "When a plaintiff produces evidence that is consistent with an hypothesis that the defendant is not negligent, and also with one that he is, his proof tends to establish neither."

* 45 U.S.C.A. § 51 et seq.

4. For example, the Supreme Court said in the Lavender opinion, 327 U.S. at page 654, 66 S.Ct. at page 744, "Rulings on the admissibility of evidence must normally be left to the sound discretion of the trial judge in actions under the Federal Employers' Liability Act." It thus indicated an intention to restrict its opinion to that kind of case.

Moreover, the Supreme Court in Rogers v. Missouri Pacific R. Co., 1957, 352 U.S. 500, 507–508, 77 S.Ct. 443, 1 L.Ed.2d 493, seems to have restricted the Lavender rule to cases under the Federal Employers' Liability Act. See

It should not be extended to a field beyond that with which it dealt. Applying the liberal Lavender rule generally in negligence cases would upset the widely recognized principle that a finding of negligence cannot be based on conjecture.

The majority's attempt to justify, without relying on the Lavender ruling, the jury's inference of negligence from the facts before it is not convincing to me. The proof equally well justified the inference that Safeway was not negligent. The verdict was therefore the result of the jury's speculative choice between the conflicting inferences. I think the trial judge should have directed a verdict for Safeway Stores.

Before: WILBUR K. MILLER, DANAHER and BASTIAN, Circuit Judges, in Chambers.

PER CURIAM.

Upon consideration of appellant's petition for rehearing, it is

Ordered by the court that the petition for rehearing is denied.

Circuit Judge WILBUR K. MILLER would grant the petition for rehearing.

Circuit Judge BASTIAN has filed a statement of his views on the petition for rehearing.

Statement of Circuit Judge BASTIAN on the Petition for Rehearing Filed March 19, 1959.

Judge MILLER has voted to grant the petition for rehearing and Judge DANAHER to deny. I join Judge DANAHER and vote for denial. However, as it appears that some misapprehension exists as to the basis of our ruling, although I think the opinion of Judge Danaher is crystal clear, I should like to add a few words.

The case was decided by the District Judge on the theory that Lavender v. Kurn, 1946, 327 U.S. 645, 66 S.Ct. 740, 90 L.Ed. 916, was applicable. Judge Miller, as appears from his dissenting opinion, felt that that case should be limited to the Federal Employers' Liability Act, 45 U.S.C.A. § 51 et seq.; and with that I thoroughly agree. Judge Danaher was inclined to the same position, although he felt, and I think properly, that it was not necessary in this case to pass upon that point in view of the fact that the judgment could be affirmed on the ground that it was controlled by the cases on common law negligence as they exist in the District of Columbia. (See Judge Danaher's opinion filed March 5, 1959.) He pointed out the fact that there was contrariety of opinion in the several circuits as to whether cases arising under Lavender were limited to the Federal Employers' Liability Act, and further pointed out that this court (Pennsylvania Railroad Co. v. Pomeroy, 1956, 99 U.S.App.D.C. 272, 239 F.2d 435, cert. denied, 1957, 353 U.S. 950, 77 S.Ct. 861, 1 L.Ed.2d 859), appeared to hold to the contrary.

It would also seem to me that the opinion of the Supreme Court in Rogers v. Missouri Pacific Railroad Company, 1957, 352 U.S. 500, 77 S.Ct. 443, 1 L.Ed.2d 493, indicates that the effect of that case is limited to the Federal Employers' Liability Act.

The result, therefore, is that we affirmed in Safeway, not on the authority of Lavender v. Kurn, supra, but on consideration of the cases on common law negligence as found by this court. There was and still is, in the opinion of Judge Danaher and myself, evidence to go to the jury on the question of common law negligence.

also Pennsylvania R. Co. v. Pomeroy, 1956, 99 U.S.App.D.C. 272, 239 F.2d

435, certiorari denied, 1957, 353 U.S. 950, 77 S.Ct. 861, 1 L.Ed.2d 859.