**George N. DRAPANIOTIS, Appellant,**

v.

**Daniel Malone FRANKLIN.**

**No. 73–1021.**

United States Court of Appeals,
District of Columbia Circuit.

Argued April 4, 1974.

Decided Oct. 4, 1974.

Rehearing Denied Oct. 25, 1974.

Robert M. Sielaty, Arlington, Va. (appointed by this court), with whom

---

**45.** City of Chicago v. FPC, 128 U.S.App.D.C. 107, 385 F.2d 629, 637 (1967), cert. denied, 390 U.S. 945, 88 S.Ct. 1028, 19 L.Ed.2d 1133 (1968).

Richard A. Kurshner * (student counsel also appointed by this court), was on the brief, for appellant.

Denver H. Graham, Washington, D. C., with whom Albert E. Brault, Washington, D. C., was on the brief, for appellee.

Before WRIGHT and ROBINSON, Circuit Judges, and DAVIES,** Senior District Judge.

PER CURIAM:

The single issue presented by this appeal is whether the trial court erred in directing a verdict for appellee at the close of appellant's case. In resolving this issue we must, of course, view the evidence, and the permissible inference therefrom, in the light most favorable to appellant. Brady v. Southern Ry. Co., 320 U.S. 476, 479, 64 S.Ct. 232, 88 L.Ed. 239 (1943); Muldrow v. Daly, 117 U.S. App.D.C. 318, 320, 329 F.2d 886, 888 (1964).

Viewed in this light, the evidence showed that appellant, age 65, at about 5:15 P.M. on December 21, while crossing Georgia Avenue in the middle of the block, was struck by a car driven by appellee. Before entering the street, appellant looked in both directions and did not see any cars coming. It was a clear evening and no parked cars were on the street to obstruct vision. When appellant was hit, he was in the middle of the street near the white dividing line. He never saw appellee's car before the accident. Nor did appellant hear a horn

sound or the squealing of brakes, even up to the moment of impact.

Unquestionably, appellant was negligent in crossing the street in violation of Section 53(a) of the Traffic and Motor Vehicle Regulations for the District of Columbia, Part I—Rules of the Road.[1] At the same time, the jury could also have found that appellee was negligent in violating Section 54 of the same Regulations in not exercising "due care to avoid colliding with any pedestrian" and in failing to "give warning by sounding the horn."[2] The question arises, then, whether appellee had the last clear chance to avoid the accident.

 Although there have been many formulations of the doctrine, it is now clear that, where a pedestrian is in a position of peril, even by reason of his own negligence, of which he is unaware or unable to extricate himself, then an obligation arises on the part of the driver of a car to avoid striking him if the driver can do so by the exercise of reasonable care. Bowman v. Redding & Co., 145 U.S.App.D.C. 294, 300–301, 449 F.2d 956, 962–963 (1971); Landfair v. Capital Transit Co., 83 U.S.App.D.C. 60, 61–62, 165 F.2d 255, 256–257 (1948); Kelly Furniture Co. v. Washington Ry. & Electric Co., 64 App.D.C. 215, 217, 76 F.2d 985, 987 (1935). See also W. Prosser, The Law of Torts § 65 (3d ed. 1964). "It is not necessary that the defendant have been negligent prior to the time at which he discovered or should have discovered the dangerous position in which the plaintiff had negligently put

---

* Entered an appearance as student counsel pursuant to Rule 20 of the General Rules of this court.

** Of the United States District Court for the District of North Dakota, sitting by designation pursuant to 28 U.S.C. § 294(d) (1970).

1. Section 53(a) provides:
 Every pedestrian crossing a roadway at any point other than within a marked crosswalk or within an unmarked crosswalk at an intersection shall yield the right-of-way to all vehicles upon the roadway.
 See Bowman v. Redding & Co., 145 U.S.App. D.C. 294, 301–303, 449 F.2d 956, 963–965 (1971), and cases there cited.

2. Section 54 reads:
 Notwithstanding the provisions of this Article and of Article III, Sec. 11, every driver of a vehicle shall exercise due care to avoid colliding with any pedestrian upon any roadway and shall give warning by sounding the horn when necessary and shall exercise precaution upon observing any child or any confused or incapacitated person upon a roadway.
 See Richardson v. Gregory, 108 U.S.App. D.C. 263, 266, 281 F.2d 626, 629 (1960); Ross v. Hartman, 78 U.S.App.D.C. 217, 139 F.2d 14 (1943), cert. denied, 321 U.S. 790, 64 S.Ct. 790, 88 L.Ed. 1080 (1944).

himself. It is enough that thereafter he fails to utilize with reasonable care the ability which he then has to avert the plaintiff's harm." Restatement (Second) of Torts § 479 (1965). Thus the proximate cause is the failure to avoid the accident in circumstances where the defendant, and not the plaintiff, can reasonably do so.[3]

 Applying the principle of last clear chance to the facts of this case, viewing the evidence as we have indicated in the light most favorable to appellant, we cannot say that the jury could not have reasonably found for the plaintiff. Certainly the evidence was sufficient to put the defendant to his proof or risk a jury verdict against him.

Reversed.

---

3. Moreover, should the jury here find that appellee violated § 54 of the Traffic and Motor Vehicle Regulations, that "is itself evidence of proximate cause where the injury is generally of the kind intended to be avoided by the law or regulation involved. If that evidence is not rebutted or offset, proximate cause is established as a matter of law. Where other evidence provides an offset, proximate cause becomes an issue for the jury * * *." Bowman v. Redding & Co., *supra* note 1, 145 U.S.App.D.C. at 302, 449 F.2d at 964.